
# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| BYRON BREEZE, JR., <br><br> *Plaintiff,* <br><br> v. <br><br> HAIBAN INN LLC, <br><br> *Defendant.* | Civil Action No. 20-6837 <br><br> ORDER |

**THIS MATTER** comes before the Court by way of Plaintiff Bryon Breeze's ("Plaintiff") unopposed Motion for the Entry of Default Judgment,[1] ECF No. 9, against Defendant Haiban Inn LLC ("Defendant");

and it appearing that this Americans with Disabilities Act ("ADA") action arises out of the alleged failure of Defendant, a hotel operator, to provide accessibility information on its website, see generally Compl., ECF No. 1;

and it appearing that Defendant operates a hotel located in Jersey City, New Jersey (the "Hotel") and a website for the Hotel, through which it takes reservations and provides information regarding rooms and amenities (the "Website"), id. ¶ 1;

and it appearing that Plaintiff, a disabled person, visited the Website "to learn about accessible features of the Hotel, and to independently assess whether the Hotel is accessible to him, and whether he could independently reserve an accessible room at the Hotel, in the same manner as those seeking to reserve non-accessible rooms," id. ¶¶ 7, 29;

---

[1] In deciding a motion for default judgment, "the factual allegations in a complaint, other than those as to damages, are treated as conceded by [the] defendant." DIRECTV, Inc. v. Pepe, 431 F.3d 162, 165 (3d Cir. 2005).

and it appearing that Plaintiff alleges that at the time of his visit, the Website did not comply with ADA regulations that require disclosure of certain information regarding the accessibility of a hotel's rooms and amenities, id. ¶¶ 30-34;

and it appearing that on June 4, 2020, Plaintiff filed the two-count Complaint alleging (1) violation of the ADA, 42 U.S.C. § 12182, id. ¶¶ 19-39; and (2) violation of the New Jersey Law Against Discrimination, N.J.S.A. §§ 10:5-1, et seq. ("NJLAD"), id. ¶¶ 40-45;

and it appearing that on February 16, 2021, the Clerk of Court entered default against Defendant;

and it appearing that Plaintiff has failed to answer or otherwise respond to the Complaint as of the date of this Order;

and it appearing that Plaintiff now moves for a default judgment for injunctive relief requiring Defendant to bring the Website into compliance with the ADA, see ECF No. 9.7;[2]

and it appearing that, before entering a default judgment, the Court must determine whether it has jurisdiction over the action and the parties, see Animal Sci. Prods., Inc. v. China Nat'l Metals & Minerals Imp. & Exp. Corp., 596 F. Supp. 2d 842, 848 (D.N.J. 2008);

and it appearing that to establish subject matter jurisdiction, a Plaintiff must demonstrate Article III standing through allegations showing (1) an "injury in fact" that is (a) "concrete and particularized" and (b) "actual or imminent;" (2) a causal connection between that injury and the

---

[2] Monetary damages are not available as relief for a violation of the ADA's public accommodation provisions. See Costow v. Live Nation Ent., Inc., No. 15-664, 2017 WL 1134382, at *3 (D.N.J. Mar. 27, 2017) (citing 42 U.S.C. § 12188). While the Complaint requests "[a]n award of compensatory damages deemed just and appropriate pursuant to NJLAD," Compl. at 13, Plaintiff does not currently seek a judgment for damages and has not otherwise attempted to quantify his alleged damages. In any future motion for a default judgment of damages, Plaintiff must (a) demonstrate that NJLAD permits damages in a disability public accommodation claim, even where the ADA does not; and (b) provide proof of damages.

2

conduct complained of; and (3) that such injury will likely be "redressed by a favorable decision," Lujan v. Defs. of Wildlife, 504 U.S. 555, 560-61 (1992);

and it appearing that "[p]ast exposure to illegal conduct" cannot establish standing to seek prospective relief, O'Shea v. Littleton, 414 U.S. 488, 495-96 (1974), and a plaintiff seeking an injunction must allege a "real or immediate," nonspeculative threat of future injury, City of Los Angeles v. Lyons, 461 U.S. 95, 111 (1983);

and it appearing that because a hotel website's failure to comply with ADA regulations "could only harm a person with disabilities who was actually looking for a place to stay," Plaintiff must allege a nonspeculative "intent to avail [himself] of the property's accommodations" in the future," Laufer v. Buena Motel Corp, No. 12-6438, 2021 WL 2802214, at *3 (D.N.J. July 6, 2021) (citing Hernandez v. Caesars License Co., No. 19-06090, 2019 WL 4894501 at *3 (D.N.J. Oct. 4, 2019));

and it appearing that vague allegations of intent to "some day" revisit a website are insufficient to demonstrate a threat of future harm, see, e.g., id. (finding no standing where Plaintiff alleged that "[i]n the near future, Plaintiff intends to utilize the websites and/or online reservations system in order to test them for compliance . . . and/or to utilize the websites to reserve a guest room and otherwise avail herself of the . . . accommodations of the Property"); Laufer v. Aark Hospitality Holding, No. 20-5648, 2021 WL 486902, at *5 (D.N.J. Feb. 10, 2021) (same);

and it appearing that courts "look to four factors to determine a plaintiff's likelihood of returning to a place of public accommodation: '(1) the plaintiff's proximity to the defendant's place of public accommodation; (2) the plaintiff's past patronage; (3) the definitiveness of the plaintiff's plan to return; and (4) the plaintiff's frequency of nearby travel,'" Laufer, 2021 WL

3

2802214, at *3 (quoting Indep. Project, Inc. v. Shore Point Plaza, LLC, No. 18-15048, 2020 WL 6363714, at *2 (D.N.J. Oct. 29, 2020));

and it appearing that Plaintiff resides in the District of Columbia, while the Hotel is located in Jersey City, New Jersey, Compl. ¶¶ 1, 8, and that in general, "as the distance between a plaintiff's residence and a public accommodation increases, the potential for occurrence of future harm decreases," Disabled Patriots of Amer., Inc. v. City of Trenton, No. 07-3165, 2008 WL 4416459, at *4 (D.N.J. Sept. 24, 2008);

and it appearing that Plaintiff does not allege that he ever previously visited the Hotel, Jersey City, the State of New Jersey, or any nearby locales;

and it appearing that while Plaintiff alleges the he "will visit the Website again . . . in order [to] . . . learn about the accessible (and inaccessible) features of guestrooms, assess the extent to which the hotels meet each of their specific accessibility needs, and determine whether they can reserve an accessible guestroom," Compl. ¶ 34, this statement closely resembles the "some day" allegations found insufficient by other courts and does not suggest that Plaintiff actually intends to avail himself of the Hotel's accommodations (or that of any nearby hotel) with any degree of definiteness;

and it appearing that considering the above factors, the Court concludes that Plaintiff has failed to allege a nonspeculative threat of future harm and lacks standing to pursue his claims for injunctive relief;

**IT IS** on this 29th day of November, 2021;

**ORDERED** that Plaintiff's Motion for the Entry of Default Judgment, ECF No. 9, is **DENIED**; and it is further

**ORDERED** that to the extent Plaintiff can cure the deficiencies identified in this Order, Plaintiff may file an amended complaint demonstrating his standing to pursue injunctive relief within thirty (30) days;[3] and it is further

**ORDERED** that if Plaintiff fails to do so within thirty days, his Complaint will be dismissed pursuant to Federal Rules of Civil Procedure 12(h)(3) and 41(b).

<div style="text-align:right">
<em>/s Madeline Cox Arleo</em><br>
<strong>MADELINE COX ARLEO</strong><br>
<strong>UNITED STATES DISTRICT JUDGE</strong>
</div>

---

[3] Alternatively, Plaintiff may, within thirty (30) days, file a renewed motion for default judgment on his NJLAD claim for damages. See supra n.2.